# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>vs.<br>**KARLOS ELY,**<br>Defendant. | CASE NO. 4: 18-cr-142-YGR-2<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE; GRANTING MOTIONS TO SEAL**<br>Re: Dkt. No. 66, 67, 69 |

Defendant Karlos Ely is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Federal Corrections Institute in Sheridan, Oregon ("FCI Sheridan"). Mr. Ely moves for an order modifying his sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). Mr. Ely requests that the Court reduce his sentence to time served with the balance of the period of his original sentence imposed as a period of supervised release with home confinement and such other conditions as the Court deems just. The Government opposes the motion.

The Court has jurisdiction to grant the relief requested[1] and, having carefully considered the papers and evidence[2] submitted in support of and in opposition to the motion and the reports provided by U.S. Probation, the Court **DENIES** the motion.

---

[1] The Government concedes that the Court has jurisdiction given that 30 days have elapsed since Mr. Ely submitted a request for compassionate release on July 23, 2020 to the warden at FCI Sheridan.

[2] The parties submitted records along with motions to seal at Docket Nos. 67 and 69. The motions to seal are **GRANTED**.

**DISCUSSION**

On October 25, 2018, Mr. Ely pled guilty to one count of violation of 21 U.S.C. §§ 841(a)(1)(b)(1)(B)(iii) Distribution of 28 Grams or More of Cocaine Base, a class B felony. On February 28, 2019, the Court sentenced Mr. Ely to a term of imprisonment of 60 months in the custody of the Bureau of Prisons ("BOP") and 4 years of supervised release. (Dkt. No. 54, Judgment entered March 1, 2019.)

The Court recognizes that Mr. Ely has successfully completed the first phase of the RDAP program and is currently in the program's second phase of monthly follow-ups until he is relocated to a Residential Re-entry Center (RRC). After a minimum of four months at an RRC with weekly sessions, assuming successful participation, Mr. Ely would be eligible for early release pursuant to section 3621(e). Mr. Ely has an anticipated release date of August 26, 2022 (assuming continued successful participation in the Residential Drug Abuse Program (RDAP). Mr. Ely has served approximately 33% of his sentence as-imposed (and approximately 40% of his sentence assuming his early release based on his continued successful participation in RDAP).

Section 3582 provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). After considering the sentencing factors from 18 U.S.C. section 3553(a) "to the extent that they are applicable," a court may grant a motion to reduce a sentence under two circumstances, one of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A)(i).

With respect to whether an "extraordinary or compelling reason" justifies release, Mr. Ely argues that he is particularly vulnerable to contracting and becoming seriously ill from the ongoing COVID-19 pandemic. Mr. Ely points is a 55-year-old African American man with a history of hypertension for which he currently takes medication. His records also indicate that he suffers from gout and sleep apnea. These conditions do not support a finding of an "extraordinary or compelling reasons" for his release. There is no indication that Mr. Ely suffers from pulmonary hypertension and there is nothing genetically about being African American that would change the

analysis. The fact that the pandemic has had a disproportionate effect on African American and Latinx communities stems from economic issues not genetics.

While the Court recognizes that it was compelled to impose a mandatory minimum sentence of 60 months, the Court cannot ignore that statutory mandate and use the compassionate release process for a purpose for which it was not intended. "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. §1B1.13." *United States v. Eberhart*, 448 F.Supp.3d 1086, 1090 (N.D. Cal. Mar. 25, 2020) (Hamilton, J.).

For the foregoing reasons, defendant's motion for a compassionate release sentence reduction with a period of supervised release on home confinement is **DENIED**.

This Order terminates Docket Nos. 66, 67, and 69.

**IT IS SO ORDERED.**

Dated: February 5, 2021

                                                **YVONNE GONZALEZ ROGERS**
                                                **UNITED STATES DISTRICT JUDGE**